IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY THORSEN,<br><br>               Petitioner,<br><br>vs.<br><br>ANTHONY J. ANNUCCI, Acting Commissioner, New York Department of Corrections and Community Supervision,[1]<br><br>               Respondent. | No. 9:19-cv-00946-JKS<br><br>MEMORANDUM DECISION |

Timothy Thorsen, a former New York state prisoner proceeding *pro se*, filed in the Second Circuit Court of Appeals a Motion for an Order Authorizing the District Court to Consider a Successive or Second Habeas Corpus Application Pursuant to 28 U.S.C. §§ 2244(b), 2254. At the time he filed that request, Thorsen was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and incarcerated at Orleans Correctional Facility. The DOCCS's inmate locator website (http://nysdoccslookup.doccs.ny.gov/, Department ID Number 96-A-6811), indicates that Thorsen was conditionally released to parole supervision on June 24, 2020, and shortly thereafter he submitted a change of address showing a private address, Docket No. 17. The Second Circuit granted Thorsen leave to file the instant habeas petition, Docket No. 1 ("Petition"), noting that Thorsen had made a *prima facie* showing that the requirements of § 2244(b)(2) were satisfied, Docket No. 2. The Court of

---

[1] Because Thorsen has been released from state prison, Anthony J. Annucci, Acting Commissioner, New York Department of Corrections and Community Supervision, is substituted for the Superintendent of Orleans Correctional Facility. FED. R. CIV. P. 25(c).

Appeal directed this Court to address, "as a preliminary inquiry under § 2244(b)(4), whether [Thorsen] is entitled to relief" and, "[t]o the extent [Thorsen] raises an actual innocence claim, . . . whether that claim must satisfy the § 2244(b)(2) standards." *Id.* Respondent has answered the Petition, and Thorsen has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

On March 28, 1995, Thorsen was charged, along with co-defendant Jacques Rivette, with two counts of second-degree murder and one count of first-degree robbery in connection with the 1987 robbery and shooting of Michael Atkinson, a store manager. According to the prosecution, Thorsen served as the getaway driver and remained in the car while Rivette robbed the store and shot Atkinson in the back of his head. Following a trial, the jury convicted Thorsen as charged, on the basis of felony murder, and he was sentenced to an aggregate term of 25 years to life imprisonment.

Through counsel, Thorsen appealed his conviction, arguing that, as relevant here, his confession was inadmissible and that he was entitled to a hearing on his allegation of newly-discovered evidence. Thorsen also filed a *pro se* supplemental brief in which he claimed: 1) the prosecutor committed misconduct before the grand jury; 2) his confession was obtained through police misconduct and was the result of an illegal arrest; and 3) appellate counsel had the appearance of a conflict of interest.

While his direct appeal was pending, Thorsen also moved *pro se* to vacate the judgment pursuant to New York Criminal Procedure Law ("CPL") § 440.10 on the grounds that: 1) his statements to law enforcement should have been suppressed due to coercive interrogation and the violation of his right to the presence of counsel; 2) evidence of a gun should have been

suppressed because it was not made available to the defense for inspection; and 3) trial counsel rendered ineffective assistance. Thorsen also claimed that he had newly-discovered evidence of his innocence—a bulletin from the morning of the murder that contradicted the People's assertion at trial that cigarettes had been stolen from the store. The trial court denied the motion in a reasoned, unpublished opinion issued on December 3, 2001.

The Appellate Division of the New York Supreme Court granted Thornsen's application to appeal the denial of his § 440.10 motion and consolidated it with his direct appeal. The Appellate Division unanimously affirmed the judgment of conviction and denial of post-conviction relief in a reasoned opinion issued on July 7, 2005. *People v. Thorsen,* 798 N.Y.S.2d 532, 535 (N.Y. App. Div. 2005). The Court of Appeals summarily denied leave to appeal on August 24, 2005. *People v. Thorsen*, 836 N.E.2d 1162, 1162 (N.Y. 2005).

Thorsen then filed a second *pro se* motion to vacate the judgment under CPL § 440.10. In that motion, Thorsen alleged that counsel was ineffective for failing to move: 1) to suppress his confession, and 2) to dismiss the charges on the ground that the handgun had been destroyed. He further contended that relief was warranted on the ground that the police illegally withheld the handgun from the defense. The county court denied the motion in a reasoned, unpublished opinion on October 19, 2006. The Appellate Division denied leave to appeal on January 31, 2007. The Court of Appeals dismissed Thorsen's application for leave to appeal without comment on May 7, 2007.

On October 20, 2007, Thorsen filed a petition for writ of habeas corpus in this Court. *Thorsen v. Conway*, 9:07-cv-1213-NAM-DEP, Docket No. 1 (the "first federal habeas petition"). As amended, the first federal habeas petition alleged that: 1) his statements to police should have

been suppressed because the interview violated his rights to remain silent and have counsel present; 2) his arrest was illegal; 3) the prosecutor committed misconduct by knowingly presenting perjured testimony; 4) appellate counsel had an appearance of a conflict of interest; and 5) he had newly-discovered evidence of his innocence in the form of: a) the police bulletin that allegedly suggested that no cigarettes had been stolen in the robbery, and b) a forensic ballistics report comparing the revolver recovered from Day's motel room to a spent shell casing recovered from the scene of the crime. On March 13, 2008, this Court, through a previously-assigned judge, dismissed the petition with prejudice as untimely after finding that Thorsen failed to allege an exception to the time bar. *Id.*, Docket No. 6. Years later, Thorsen moved to vacate the dismissal order. *Id.*, Docket No. 8. On November 22, 2011, the Court construed the motion as a motion for reconsideration under Federal Rule of Civil Procedure 60(b), and denied the motion. *Id.*; Docket No. 9. Thorsen then moved in the Second Circuit for certificates of appealability as to both the March 2008 dismissal order as well as the November 2011 denial of reconsideration. *Thorsen v. Conway*, 2d Cir. No. 11-5177. The Second Circuit denied the motions and dismissed the appeal. *Id.*, Docket No. 26.

Again proceeding *pro se*, Thorsen filed another motion to vacate the judgment pursuant to CPL §§ 440.10 and 440.30, arguing, among other things, that he had newly-discovered evidence of actual innocence—1) a forensic ballistics report showing that the recovered revolver could not have fired a spent shell casing found at the scene; and 2) a statement from Jeff Zeto to the effect that Thorsen was not present in Bonnie Russell's trailer after the murder. The trial court denied the motion on March 23, 2018, concluding that the proffered evidence failed to prove his actual innocence by clear and convincing evidence. The Appellate Division denied

leave to appeal without comment on June 8, 2018, and the Court of Appeals dismissed Thorsen's applications for leave to appeal on September 20, 2018.

Thorsen then moved in the Second Circuit for leave to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244.  *Thorsen v. Crowly*, 2d Cir. 16-2883.  Thorsen again raised his claim of actual innocence in the form of: 1) the forensics ballistics report showing that the recovered revolver could not have fired a spent shell casing found at the scene; 2) a police memorandum that allegedly shows that a person identified as Jeff Zeto knew that Thorsen was not at Russell's trailer after the murder; 3) a pre-trial statement from another trial witness that Thorsen visited Russell's trailer after the murder but did not step inside; and 4) knowledge that police had found latent fingerprints on a doorknob at the crime scene that were not his or Rivette's.  According to Thorsen, various other people, including Zeto, could have committed the crime.  On November 29, 2016, the Second Circuit denied leave, holding that Thorsen failed to show that the newly-discovered facts would establish by clear and convincing evidence that no reasonable would have found him guilty, and that his actual innocence argument was meritless.  *Id.*, Docket No. 34.

More than two years later, Thorsen again moved *pro se* in the Second Circuit for leave to file a second or successive habeas petition.  *Thorsen v. Conway*, 2d Cir. 19-399.  In that application, Thorsen claims to have proof of his actual innocence in the form of "laboratory ballistic results [that] proves [the revolver] is not the murder weapon" and "the suppressed signed statement of a Jeffrey Zeto . . . [which] eliminates petitioner" as a suspect in the convicted crimes.  Thorsen additionally raises constitutional claims based on the alleged concealment of those items, and submits a proposed successive habeas petition, which would present those

claims and re-raise the claims he presented in the first habeas petition. *Id.*, Docket Nos. 1-2, 10-15. The Second Circuit found that Thorsen made a *prima facie* showing that he satisfied the successive motion requirements of § 2244(b), and granted his motion to file a successive petition. The Second Circuit directed this Court to address whether Thorsen had actually satisfied those statutory requirements before proceeding to address whether Thorsen is entitled to relief on his claims. The Second Circuit further mandated that, to the extent Thorsen seeks relief on the basis of actual innocence, this Court should "decide in the first instance whether that claim must satisfy the [statutory successive-petition] standards."

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The term unreasonable is a common term in the legal world. The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The

more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman*

interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46. Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

### III. DISCUSSION

**A.     The Threshold Requirements of 28 U.S.C. § 2244**

Title 28 U.S.C. § 2244(b)(2)(B) "establishes two independent gates through which the motion to file a successive petition must pass before the merits will be addressed." *In re Swearingen*, 556 F.3d 344, 347 (5th Cir. 2009) (footnote omitted); *see also* 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the applicant satisfies the requirements of this subsection."). The Second Circuit "understand[s] the 'prima facie' standard of section 2244(b)(3)(C) to mean, as the phrase normally does, that the applicant's allegations are to be accepted as true, for purposes of gate-keeping, unless those allegations are fanciful or otherwise demonstrably implausible." *Quezada v. Smith*, 624 F.3d 514, 521 (2d Cir. 2010). "A prima facie showing is not a particularly high standard. An application need only show sufficient likelihood of satisfying the strict standards of § [2254] to 'warrant a fuller exploration by the district court.'" *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

In granting Thorsen's motion for leave to file a second or successive petition, the Second Circuit found that he had made the minimal prima facie showing.  Now, however, this Court "must independently determine whether the petition actually satisfies the stringent § 2244(b)(2) requirements."  *Swearingen*, 556 F.3d at 347 (citations omitted); *see also Jackson v. United States*, 282 F. Supp. 3d 533, 536 (N.D.N.Y. 2017) ("[I]n cases where the court of appeals has authorized the filing of an successive petition that may include a mix of authorized and unauthorized claims, the district court must 'examine each claim and dismiss those that are barred under . . . § [2254].'") (quoting *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003), *cert. denied*, 540 U.S. 995 (2003), *abrogated in part on other grounds*, *United States v. McRae*, 793 F.3d 392 (4th Cir. 2015)).  Indeed, once the habeas petitioner files his authorized successive petition in the district court, "the district court not only can, but must, determine for itself whether those requirements [in 28 U.S.C. § 2244(b)(2)] are met." *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357 (11th Cir. 2007) (citing 28 U.S.C. § 2244(b)(4)).  "The district court is to decide the § 2244(b)(1) & (2) issues fresh, or in the legal vernacular, de novo." *Id.* at 1358 (citing *In re Johnson*, 322 F.3d 881, 883 (5th Cir. 2003) (court of appeals' grant of permission to file a second or successive petition is only tentative and the district court must dismiss the petition if it finds that the statutory requirements for filing one have not been met)).

To obtain a merits determination on his second or successive petition, Thorsen must demonstrate to the Court that:

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for

9

constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B).

The thrust of § 2244(b)(2)(B) provides that, to warrant a merits determination, a claim must rely on "new facts showing a high probability of actual innocence." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). The term "previously" in Section 2244(b)(2)(B)(i) requires that the factual predicate could not have been presented in the original habeas petition. *See Watson v. Artuz*, 283 F. Supp. 3d 217, 230 (S.D.N.Y. 2018), report and recommendation adopted, No. 99-CV-1364, 2019 WL 762221 (S.D.N.Y. Feb. 21, 2019); *see In re McDonald*, 514 F.3d 539, 545 n.4 (6th Cir. 2008) (collecting different definitions of "previously" from other Circuits ). If such a claim does not meet both subsections (i) and (ii), it must be dismissed. 28 U.S.C. § 2244(b)(2); *see also*, *e.g.*, *Spitznas v. Boone*, 464 F.3d 1213, 1226 (10th Cir. 2006) (finding that it "need not consider whether [the petitioner] meets the second element of this inquiry [under 28 U.S.C. § 2244(b)(2)(B)(ii)], since the test is conjunctive and he fails the first element.").

**B.**     **28 U.S.C. § 2244(b) Review of Thorsen's Claims**

Thorsen raises two claims that were also raised in his first federal habeas petition, Case No. 9:07-cv-1213-NAM-DEP. Specifically, Thorsen argues that: 1) the prosecution violated *Brady*[2] when it failed to disclose to the defense its pre-trial possession of "ballistic evidence results that demonstrate[d] revolver serial number 270K633 was eliminated by H.P. White laboratory as the murder weapon;" and 2) law enforcement destroyed the revolver to prevent

---

[2] *Brady v. Maryland*, 373 U.S. 8 (1963). The term "*Brady*" is a shorthand reference to the rules of mandatory discovery in criminal cases under federal law. *Id.* at 8.

Thorsen from proving his innocence, the prosecutor made false statements to the jury regarding the theft of several cartons of cigarettes from Stewart's shop, and the prosecution knew that the testimony of Nikkol O'Brien was perjured, all in violation of *Napue*.[3]  A review of the petition in Case No. 9:07-cv-1213-NAM-DEP reveals that he raised the same claims in that petition, which was dismissed with prejudice as untimely.  Consequently, the re-raised claims in the instant Petition are barred under 28 U.S.C. § 2244(b)(1),[4] and must be dismissed on that ground.  *See Murray v. Greiner*, 394 F.3d 78, 79 (holding that "dismissal of a § 2254 petition for tardiness under § 2244(d)(1) renders future challenges to the same conviction under § 2254 'second or successive' and subject to the requirements of § 2244(b)(1) through (4)").

Thorsen also contends that the prosecution violated *Brady* when it failed to disclose a 1995 statement from Jeffrey Zeto to the effect that Thorsen was not present in Russell's trailer after the murder, which he contends constitutes alibi evidence.   This claim was previously raised to the Second Circuit in Thorsen's 2016 initial application for leave to file a second or successive habeas petition, which the Second Circuit denied on the ground that the newly-discovered facts failed to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty.  It is not clear, however, whether an application for leave to file a second or successive petition constitutes a "prior application" under § 2244(b)(1) such that dismissal would be required under that ground.  Although other federal circuits have

---

[3] *Napue v. Illinois*, 360 U.S. 264, 269 (1959) ("[I]t is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment . . . .  The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears.").

[4] That section requires that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application . . . be dismissed."  28 U.S.C. § 2244(b)(1).

answered that question in the affirmative, *see, e.g.*, *In re Baptiste*, 828 F.3d 1337, 1340 (11th Cir. 2016); *Bennett v. United States*, 119 F.3d 470, 471 (7th Cir. 1997), the Second Circuit has not yet considered whether prior, denied successive petition applications are "prior applications," *see also Wackerly v. Workman*, 580 F.3d 1171, 1182 & n.6 (10th Cir. 2009) (leaving unresolved the question of whether a motion for authorization to file a second or successive petition constitutes the presentation of an "application" under § 2244(b)).

In any event, the value of the evidence is insufficient to "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Thorsen avers that the statement is alibi evidence because it identifies who was present at Russell's trailer after the murder, and it does not refer to Thorsen. Docket No. 15 at 4. Notably, however, Zeto was not sure when the event with Rivette he described in his statement was held, and it is therefore not clear whether that event was the same as the one Thorsen allegedly attended after the murder. Zeto did not witness the robbery or the murder, and he does not mention Thorsen in his statement at all. Zeto's statement therefore does not exonerate Thorsen at all. Accordingly, none of Thorsen's claims satisfy the threshold requirements of 28 U.S.C. § 2244(b)(2)(B), and he is not entitled to a merits review of those claims.

C. **Thorsen's Actual Innocence Claim**

Finally, Thorsen claims that he is actually innocent of the crimes for which he was convicted. As an initial matter, the Second Circuit's mandate directed the Court to consider, in the first instance, whether a freestanding claim of actual innocence must satisfy the gatekeeping requirements of § 2244(b).

While a federal habeas petitioner may assert a claim of actual innocence to overcome a procedural bar to review, *Schlup v. Delo*, 513 U.S. 298, 326 (1995), or to overcome the AEDPA's one-year statute of limitations, *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013), the Supreme Court has not resolved whether a non-capital prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence,[5] *McQuiggin*, 569 U.S. at 392 *see House v. Bell*, 547 U.S. 518, 554-55 (2006); *Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 71-72 (2009). The Supreme Court has instead declined to answer the question, noting that where a "[p]etitioner has failed to make a persuasive showing of actual innocence[,] . . . the Court has no reason to pass on, and appropriately reserves, the question whether federal courts may entertain convincing claims of actual innocence." *Herrera v. Collins*, 506 U.S. 390, 427 (1993) (O'Connor, J., concurring); *see also House*, 547 U.S. at 555 (declining to resolve whether such a claim is cognizable, instead noting only that "whatever burden a hypothetical freestanding innocence claim would require" would be extraordinarily high and was unsatisfied in the case before it). The Court has, however, noted that the standard to obtain relief in a freestanding claim "requires more convincing proof of innocence than [the standard to establish a gateway claim to bypass a procedural default] in *Schlup*." *House*, 547 U.S. at 555.

As discussed above, Congress established for second and successive petitions the stringent procedural requirements of 28 U.S.C. § 2244(b)(2)(B)(ii). In relevant part, that section

---

[5] Although the Second Circuit has also not ruled on whether a claim of actual innocence is cognizable on habeas review, *see Friedman v. Rehal*, 618 F.3d 142, 159 (2d Cir. 2010) (citing *Osborne*, 557 U.S. at 71, and noting that whether an actual innocence claim is cognizable is an open question), it has "come close" to granting habeas relief on grounds of actual innocence, *see DiMattina v. United States*, 949 F. Supp. 2d 387, 417 (E.D.N.Y. 2013) (citing cases).

provides that a claim in a second or successive petition "shall be dismissed" unless "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).  Hence, on its face, the statute requires not only sufficient evidence of actual innocence, but also a constitutional error; a claim of actual innocence would not itself be a sufficient basis to consider a second or successive habeas application.

Although the Second Circuit has not yet considered the issue, the prevailing circuit court view is that § 2244(b)(2)(B)(ii) "requires two showings: (1) 'clear and convincing evidence of actual innocence,' and (2) another, separate 'constitutional violation.'" *In re Dailey*, 949 F.3d 553, 559 (11th Cir. 2020) (quoting *In re Davis*, 565 F.3d 810, 823 (11th Cir. 2009)); *see Case v. Hatch*, 731 F.3d 1015, 1037 (10th Cir. 2013); *see also Gimenez v. Ochoa*, 821 F.3d 1136, 1143 (9th Cir. 2016) ("[S]ection 2244(b)(2)(B)(ii) also requires petitioners to state a predicate 'constitutional error.'") (citing *Case*, 731 F.3d at 1032; *Davis*, 565 F.3d at 823)).  As the Court of Appeals for the Eleventh Circuit explained:

> Under the plain language of the statute, § 2244(b)(2)(B)(ii) requires both clear and convincing evidence of actual innocence—"clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense"—as well as another constitutional violation—"but for constitutional error."  It is, in effect, an "actual innocence plus" standard.

*Davis*, 565 F.3d at 823.[10]

The Eleventh Circuit further concluded that such requirement does not foreclose review of a petitioner's freestanding claim of actual innocence because Section 2244 applies only to circuit and district judges.  Because the petitioner may still pursue a freestanding innocence

14

claim by petitioning the Supreme Court to hear the petition pursuant to its original jurisdiction, the Eleventh Circuit reasoned that the requirement that an actual innocence claim be tethered to a constitutional violation does not constitute an unconstitutional suspension of the writ of habeas corpus.  *Case*, 731 F.3d at 1037 (citing *Davis*, 565 F.3d at 827); *see also Felker v. Turpin*, 518 U.S. 651, 661-64 (1996) (finding that AEDPA's requirements, which prevented the Court from reviewing a Court of Appeals order denying leave to file a successive petition under Section 2244(b)(3)(E), did not amount to an unconstitutional suspension of the writ because AEDPA did not remove the Supreme Court's authority to entertain an original petition for habeas relief).  In any event, decoupling a petitioner's alleged actual innocence from a predicate constitutional error would run counter to the Supreme Court's jurisprudence which "has never recognized 'actual innocence' as a constitutional error that would provide grounds for [habeas] relief without an independent constitutional violation."  *Gimenez*, 821 F.3d at 1143 (citing *Schlup*, 513 U.S. at 315-16 ("Schlup's claim of innocence does not by itself provide a basis for [habeas] relief."); *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.")).

      The Court finds persuasive the rationale supporting the foregoing decisions. Accordingly, the undersigned agrees that a petitioner bringing an actual innocence claim under § 2244(b)(2)(B) must show a constitutional violation separate and distinct from his alleged actual innocence.  *See Case*, 731 F.3d at 1032 ("In sum, subparagraph (B)(ii) requires the

applicant to identify a constitutional violation and show that he would not have been found guilty 'but for' the violation."); *see also Johnson*, 805 F.3d at 1324; *Gimenez*, 821 F.3d at 1142.

Thorsen appears to use his *Brady* claims, based on the ballistics report and the Zeto affidavit, as the independent constitutional violations supporting his actual innocence claim. *Brady* and its progeny require the prosecution to disclose material information that is "favorable to the accused, either because it is exculpatory, or because it is impeaching." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). A *Brady* violation occurs only where there is a "reasonable probability" that a different verdict would have resulted from disclosure of the information that the defendant claims was suppressed. *Id.* at 281. That is, "a constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." *United States v. Bagley*, 473 U.S. 667, 678 (1985).

Thorsen fails to establish a *Brady* violation here because there is no showing that either the ballistics report or the declaration contains material information that is favorable to him. The ballistics report shows only that a shell casing found at the crime scene had not been discharged from the revolver that Thorsen gave Rivette. It does not, however, demonstrate that the bullet fragments recovered from Atkinson's skull did not come from that weapon.[6] Likewise, as discussed above, Zeto's affidavit fails to eliminate Thorsen as a participant in the robbery. Thorsen thus does not demonstrate such separate constitutional violation and, in any event, for the same reasons fails to show that no reasonable juror would have convicted him in light of the

---

[6] The record reflects that, because of the impact damage to the recovered bullet, it could not be conclusively linked to any weapon.

newly-proffered evidence. Accordingly, Thorsen's Petition is barred under 28 U.S.C. § 2244(b)(4),[7] and he is not entitled to relief.

## V. CONCLUSION

Thorsen has failed to prove that he meets the requirements of 28 U.S.C. § 2244(b), and he is therefore not entitled to a merits determination on his successive § 2254 petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: May 27, 2021.

/s/ James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
Senior United States District Judge

---

[7] That section provides, "A district court shall dismiss any claim presented in a second or successive application unless the applicant shows that the claim satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(4).